UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                                    Case No.: 1-08-40148-dem

CLARET HEDO,                                                   Chapter 13

        Debtor.
--------------------------------------------------------x

## DECISION AND ORDER ON APPLICATION FOR ORDER TO CONTINUE, EXTEND OR REIMPOSE THE AUTOMATIC STAY PENDING APPEAL

        The matter comes before the Court in this Chapter 13 proceeding upon the application of the pro se debtor Claret Hedo (the "debtor") for the issuance of an order to show cause reinstating the Automatic Stay pursuant to 11 U.S.C. § 362(c)(3)(B) and 11 U.S.C. § 362(c)(4)(B) pending appeal (the "Application").

        On January 11, 2008, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Case No. 1-08-40148-dem (the "Eighth Case"). The debtor is a repeat filer and no stranger to this Court.[1]  On February 19, 2008, this Court entered an order

---

[1] The debtor has filed a total of nine petitions in bankruptcy. In each of the debtor's petitions she has proceeded pro se. On January 10, 1998, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Case No. 1-98-25850-cbd (the "First Case"). The First Case was dismissed on June 12, 2000 and closed on November 11, 2000. On September 8, 2000, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code Case No. 1-00-19666-jf (the "Second Case"). The Second Case was dismissed on March 26, 2001 and closed on May 18, 2001. On May 23, 2001, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Case No. 1-01-17019-dem (the "Third Case"). On June 13, 2003, this Court issued an order dismissing the Third Case with prejudice to debtor's right to refile any petition for a period of one year. On January 9, 2004, the Third Case was closed.

        On March 17, 2006 the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Case No. 1-06-40700-dem (The "Fourth Case"). On May 1, 2006, the Fourth Case was automatically dismissed pursuant to 11 U.S.C. § 521(i). On June 14, 2006, the Fourth Case was closed. On June 20, 2006, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Case No.1-06-42091-dem (the "Fifth Case"). The Fifth Case was also dismissed pursuant to 11 U.S.C. § 521(i) on August 7, 2006 and closed on September 5, 2006. On October 11, 2006, the debtor the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Case No. 1-06-43805-dem (the "Sixth Case"). The debtor received a discharge in the Sixth Case on May 3, 2007.

        On November 9, 2007, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Case No. 1-07-46139-dem ("the Seventh Case"). On January 20, 2008, this Court dismissed the Seventh Case pursuant to 11 USC § 1307(c) for the debtor's failure to provide documentation to the trustee and failure to appear at the initial meeting of creditors. The Seventh Case was closed on February 7, 2008.

dismissing the Eighth Case with prejudice to the debtor's right to re-file any petition for relief under any Chapter of the Bankruptcy Code in any Court in the United States for a period of two years (the "Dismissal Order"). On February 29, 2008, the debtor filed a Notice of Appeal from the Dismissal Order.

On January 8, 2009, more than ten months after filing the Notice of Appeal, the debtor filed the Application. Although the debtor requested a hearing date of January 13, 2009, the Court scheduled a hearing for January 15, 2009. The debtor failed to appear for the hearing on the Application on January 15, 2009. For the reasons set forth below, the Court denies the Application in all respects.

The provisions of Section 362 of the Bankruptcy Code govern the applicability of the automatic stay in this case. Section 362(c)(3)(A) provides in pertinent part that "if a single ... case is filed by ... debtor who is an individual in a case under chapter 7, 11 or 13, and if a single ... case of the debtor was pending within the preceding 1-year period but was dismissed ... (A) the stay under subsection (a) ... shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A). Section 362(c)(3)(B) provides that the court may order the stay to take effect in the later case, "after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing

---

On January 11, 2008, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Case No. 1-08-40148 (the "Eighth Case"). On February 19, 2008, this Court entered an order dismissing the Eighth Case with prejudice to the debtor's right to re-file any petition for relief under any Chapter of the Bankruptcy Code in any Court in the United States for a period of two years. The debtor filed an appeal in the United States District Court, Eastern District of New York on February 29, 2008. The Eighth Case was closed on April 29, 2008 and reopened on July 30, 2009 for the purpose of processing the debtor's appeal from the Dismissal Order.

On July 23, 2008, notwithstanding her two year ban from filing any petition in bankruptcy, the debtor, together with Emmanuel Walsh, filed a joint voluntary petition for relief under chapter 13 of the Bankruptcy Code with Emmanuel Walsh. Case No. 1-08-44670 (the "Ninth Case"). On July 30, 2008, this Court dismissed the Ninth Case as violative of the proscription contained in the Dismissal Order. The Ninth Case was closed on August 13, 2008.

of the later case is in good faith as to the creditors to be stayed[.] 11 U.S.C. § 362(c)(3)(B).

Here, the debtor's Seventh Case was pending within the year prior to the filing of the Eighth Case but was dismissed. Pursuant to Code Section 362(c)(3)(A), the automatic stay in the Eighth Case was scheduled to terminate as of February 10, 2008, the thirtieth day after the filing of the Eighth Case. During the period from the filing date to the statutory termination date of February 10, 2008, the debtor took no action to have the automatic stay continue beyond that date.

In addition, the debtor has failed to overcome the presumption of Section 362(c)(3) that the Eighth Case has not been filed in good faith. The Eighth Case was dismissed on February 19, 2008 due to the debtor's failure to pay certain filing fees. At that time, the debtor had a balance due of $468.00 for the petition filing fees in the Fifth Case and the Seventh Case. Prior to the dismissal the debtor had also failed to provide the court with any documentation production which the Code required, such as the debtor's Schedules, Statement of Financial Affairs, Statement of Current Monthly Income and Means Test, and Chapter 13 Plan. Since the case was reopened on July 30, 2008, the debtor has not filed any new documentation with the court, including any documentation regarding her financial position, that would provide a basis to support the Court's finding that the debtor could conclude this case with a confirmed plan.

Moreover, further evidence of the debtor's bad faith exists. The debtor has filed a joint voluntary petition for relief under chapter 13 of the Bankruptcy Code when she was prohibited from so doing. The Court finds that the automatic stay in the Eighth Case is no longer in effect and that the debtor has failed to establish her good faith in filing the Eighth Case which would support the reinstatement of the automatic stay.

Finally, the Application is untimely. As noted above, Code Section 362(c)(3)(B) provides that the court may order the stay to take effect in the later case, "after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed[.] 11 U.S.C. § 362(c)(3)(B). The Application was filed on January 8, 2009, approximately one year after the filing date of the petition in the Eighth Case and, in any event, beyond the expiration of the thirty day period from the petition date in which the Code requires such applications to be brought.

The Application is denied in all respects.

IT IS SO ORDERED.

Dated: Brooklyn, New York
      January 23, 2009

                                        S/Dennis E. Milton
                                      DENNIS E. MILTON
                        United States Bankruptcy Judge